

FILED
CLERK U.S. DISTRICT COURT

JUL 1 5 2008

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

1
2
3
4
5
6
7
8
9
10
11
12
13
14

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

15  YVES MONTANA HOWARD,              )  Case No. CV 08-4489-ABC (SH)
                                      )
16           Petitioner,              )  MEMORANDUM AND ORDER
                                      )  DISMISSING PETITION FOR WRIT
17                                    )  OF HABEAS CORPUS
        v.                            )
18                                    )
    BENNY CURRY,                      )
19                                    )
             Respondent.              )
20  _____)

21                        **I. BACKGROUND**

22          On July 9, 2008, pro se petitioner, in state custody, filed a Petition for Writ

23  of Habeas Corpus by a Person in State Custody ("Petition") herein.  In his Petition,

24  petitioner challenges his 1996 possession of a firearm by a felon conviction and

25  resulting sentence.  (Petition at 2).  As best the Court can glean from petitioner's

26  allegations, the Petition alleges the following claims: (1) Petitioner's 25 years to

27  life sentence under California's Three Strikes Law violated petitioner's Sixth

28  Amendment right under Cunningham v. California, 549 U.S. 270, 127 S.Ct. 856,

1  166 L.Ed.2d 856 (2007); (2) The trial court failed to give lesser-included offense
2  instructions; (3) Petitioner's conviction constituted a double jeopardy violation
3  under the Fifth Amendment; (4) The "retroactive application of laws is an essential
4  thread in mantle of protection"; and (5) The jury was not given an instruction, in
5  violation of petitioner's right to equal protection. (Petition at 5-6).

6

7  ## II. DISCUSSION

8  On July 6, 1999, petitioner filed a Petition for Writ of Habeas Corpus herein
9  (Case number CV 99-6935-ABC (SH)). On October 27, 1999, petitioner filed a
10 First Amended Petition. In the petition and first amended petition, petitioner
11 challenged the same 1996 conviction and resulting sentence. On April 27, 2000,
12 the district court denied the first amended petition with prejudice, in accordance
13 with the conclusions of the Magistrate Judge. On September 13, 2000, the district
14 court denied petitioner's request for a certificate of appealability. On July 27,
15 2001, the Ninth Circuit denied petitioner's request for a certificate of appealability.

16 The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),
17 enacted on April 24, 1996, provides in pertinent part that:

18     (a) No circuit or district judge shall be required to entertain an
19     application for a writ of habeas corpus to inquire into the detention of a
20     person pursuant to a judgment of a court of the United States if it appears
21     that the legality of such detention has been determined by a judge or court
22     of the United States on a prior application for a writ of habeas corpus, except
23     as provided in §2255.

24     (b)(1) A claim presented in a second or successive habeas corpus
25     application under section 2254 that was presented in a prior application shall
26     be dismissed.

27     (2) A claim presented in a second or successive habeas corpus
28     application under section 2254 that was not presented in a prior application

1  shall be dismissed unless--

2  (A) the applicant shows that the claim relies on a new rule of
3  constitutional law, made retroactive to cases on collateral review by the
4  Supreme Court, that was previously unavailable; or

5  (B)(i) the factual predicate for the claim could not have been
6  discovered  previously through the exercise of due diligence; and

7  (ii) the facts underlying the claim, if proven and viewed in light of the
8  evidence as a whole, would be sufficient to establish by clear and convincing
9  evidence that, but for constitutional error, no reasonable fact finder would
10  have found the applicant guilty of the underlying offense.

11  (3)(A) Before a second or successive application permitted by this
12  section is filed in the district court, the applicant shall move in the
13  appropriate court of appeals for an order authorizing the district court to
14  consider the application.

15  (B) A motion in the court of appeals for an order authorizing the
16  district court to consider a second or successive application shall be
17  determined by a three-judge panel of the court of appeals.

18  (C) The court of appeals may authorize the filing of a second or
19  successive application only if it determines that the application makes a
20  prima facie showing that the application satisfies the requirements of this
21  subsection.

22  (D) The court of appeals shall grant or deny the authorization to file
23  a second or successive application not later than 30 days after the filing of
24  the motion.

25  (E) The grant or denial of an authorization by a court of appeals to file
26  a second or successive application shall not be appealable and shall not be
27  the subject of a Petition for Rehearing or for a Writ of Certiorari.

28  (4) A district court shall dismiss any claim presented in a second or

3

1  successive application that the court of appeals has authorized to be filed
2  unless the applicant shows that the claim satisfies the requirements of this
3  section. 28 U.S.C. § 2244.

4      28 U.S.C. § 2244(b)(3) "creates a 'gatekeeping' mechanism for the
5  consideration of second or successive applications in district court. The
6  prospective applicant must file in the court of appeals a motion for leave to file a
7  second or successive habeas application in the district court. § 2244(b)(3)(A)."
8  Felker v. Turpin, 518 U.S. 651, 657, 116 S.Ct. 2333, 135 L.Ed 2d 827 (1996).

9      The instant Petition is a successive habeas corpus petition. The instant
10 Petition was filed on July 9, 2008, well after the effective date of the AEDPA.
11 Cunningham v. California, the basis of the first claim alleged in the Petition, did not
12 announce a new rule of constitutional law. See Butler v. Curry, 528 F.3d 624, 633-
13 39 (9th Cir. 2008). Therefore, petitioner was required to obtain authorization from
14 the Court of Appeals before filing the present Petition.        See 28 U.S.C.
15 §2244(b)(3)(A). It appears that no such authorization has been obtained in this
16 case. Thus, the Petition should be dismissed for that reason.

17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

# III. ORDER

ACCORDINGLY, IT IS ORDERED that the Petition be dismissed.

DATED:   _7/15/08_

_Audrey B. Collins_

\*AUDREY B. COLLINS
UNITED   STATES   DISTRICT   JUDGE

Presented by:
Dated:   _7-15-08_

_Stephen J. Hillman_

STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE

5